UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| WESTPORT CORPORATION<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*. | Court No. 20-00190 |

## COMPLAINT

Plaintiff, WESTPORT CORPORATION ("WESTPORT"), by its undersigned attorneys, Simon Gluck & Kane LLP, hereby alleges as follows:

## THE PLAINTIFF

1. Plaintiff, WESTPORT, is a corporation duly organized and existing under the laws of the State of New Jersey, which maintains its primary place of business at 331 Changebridge Road, Pinebrook, NJ 07058.

## JURISDICTION

2. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1581(i)(1) (2) and (4) because this civil action is commenced to contest the administration and collection of retaliatory duties by the United States at the

direction of and pursuant to decisions by the United States Trade Representative (USTR) under Section 301 of the Trade Act of 1974, as amended (19 U.S.C. § 2111-2462).

    3.    As stated in 28 U.S.C. § 1581(i):

> **(i)** In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
>
> **(1) revenue from imports or tonnage;**
> **(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue**;
> (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
> **(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection** and subsections (a)–(h) of this section. (Emphasis added).

    4.    Plaintiff, WESTPORT, is the importer of record of the merchandise upon which the retaliatory duties that are the subject of this action were assessed and paid.

    5.    This case is brought to compel the Defendant United States to refund monies originally collected beginning on September 24, 2018 pursuant to the authority of 19 U.S.C. § 2411.

6. Subsequently on May 28, 2020 (85 Fed. Reg. 32094 et seq.) the USTR announced certain retroactive exclusions from the effects of retaliatory duties under USTR Docket 2019-20005, including products imported under subheadings 4202.22.1500 and 4202.32.1000, Harmonized Tariff Schedule of the United States (HTSUS).

7. The subject matter of this case involves no decision by the Commissioner of U.S. Customs and Border Protection protestable under 19 U.S.C. § 1515.

8. All liquidated duties, charges, or exactions have been paid prior to the filing of the summons in this action.

## DESCRIPTION OF THE MERCHANDISE

9. The imported goods upon which retroactive refunds are sought are:

Handbags with outer surface sheeting of plastic not more than 35 cm (15") wide x 20.5 cm (9.29") H x 30 cm (13.6") L classified under 4202.22.1500, HTSUS (USTR Exclusion Request USTR-2019-0005-24621 that USTR granted by letter dated May 22, 2020; and

Wallets, purses, personal cases of plastic sheeting not exceeding 10" W x 6" H x 8" L classified under 4202.32.1000: (for which exclusion was requested under USTR Exclusion Request USTR-2019-0005-31612 that USTR granted by letter dated May 22, 2020.

## COUNT I

10. Paragraphs 1 through 9, supra, are incorporated as though set forth fully herein.

11. The imported merchandise involved in this claim consists of the items entered through various ports of the United States on or after September 24, 2018 under subheading 4202.22.1500, HTSUS.

## COUNT II

12. Paragraphs 1 through 12, supra, are incorporated as though set forth fully herein.

13. The imported merchandise involved in this claim consists of the items entered through various ports of the United States on or September 24, 2018 under subheading 4202.32.1000, HTSUS.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     enter judgment holding that Defendant must refund all duties collected pursuant to section 301 of the Trade Act of 1974 on merchandise on import entries herein enumerated that were retroactively excluded from USTR Docket 2019-0005;

(b)     order refund of the monies due through reliquidation of the involved entries or otherwise including interest at the rate established by 26 U.S.C. § 6621; and

(c)     grant such additional relief the Court deems just and proper.

                                               Respectfully submitted,

                                               SIMON GLUCK & KANE LLP

                                               By:    /s/Christopher M. Kane
                                                                 Christopher M. Kane
                                                                 Daniel J. Gluck
                                                                 Mariana del Rio Kostenwein
                                                                 535 Fifth Avenue, Fourth Floor
                                                                 New York, New York 10017
                                                                 (212) 775-0055

                                               Attorneys for Plaintiff

Dated:   September 17, 2020